**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**CURTIS AL'SHAHID,**

    **Plaintiff,**

                                    **Civil Action 2:18-cv-00033
                                    Judge Michael H. Watson**
    **v.**                            **Magistrate Judge Elizabeth P. Deavers**

**GARY C. MOHR,** *et al.***,**

    **Defendants.**

**OPINION AND ORDER**

On December 3, 2018, Plaintiff, Curtis Al'Shahid, a state inmate who is proceeding without the assistance of counsel, filed a Supplemental Complaint against Defendants. (ECF No. 12.) For the following reasons, Plaintiff's Supplemental Complaint is **ORDERED STRIKEN**. Plaintiff is permitted to seek leave to file a new supplemental complaint pursuant to Federal Rule of Civil Procedure 15(d) by filing a motion for leave to file a supplemental complaint. If Plaintiff wishes to file a supplemental complaint, he must file a motion to do so by **DECEMBER 31, 2018**.

**I.**

Plaintiff brought this action under 42 U.S.C. § 1983 on January 12, 2018, against Gary C. Mohr, Director of the Ohio Department of Rehabilitation and Corrections, and Andre Imbrogno, Chairperson of the Ohio Adult Parole Board (collectively "Defendants"). On April 5, 2018, Plaintiff filed an Amended Complaint against the same defendants. (ECF No. 7, "Amd.

Compl.".) On December 3, 2018, Plaintiff filed a Supplemental Complaint. (ECF No. 12, "Supp. Compl.".)

In the Supplemental Complaint, Plaintiff indicates that Defendant Mohr has been replaced as the Director of the Ohio Department of Rehabilitation and Correction. (Supp. Compl., at p. 2.) Plaintiff contends that at this time he is unaware of who has replaced Defendant Mohr in that role. (*Id.*) On August 28, 2018, Governor John R. Kasich named Stuart Hudson to serve as the interim director of the Ohio Department of Rehabilitation and Correction, effective August 31, 2018. (Press Release from Governor John R. Kasich, Stuart Hudson Named Interim Director of The Department of Rehabilitation and Correction (Aug. 28, 2018).) Plaintiff also indicates in the Supplemental Complaint that Defendant Imbrogno passed away on June 27, 2018 and has been replaced as the Chairman of the Ohio Adult Parole Board by Trayce Thalheimer. (Supp. Compl., at p. 2.)

In addition to updating the names of Defendants, Plaintiff also includes information about exhaustion of remedies and a parole board hearing that occurred after his filing of the Amended Complaint on April 5, 2018. (Supp. Compl., at p. 3-4.) Plaintiff asserts that on June 13, 2018, he received a letter from the Ohio Department of Rehabilitation and Corrections (Parole Board) indicating that he would appear before the parole board for a hearing on or about September 1, 2018. (*Id.* at p. 4.) Plaintiff indicates that on September 26, 2018, he came before the Ohio Adult Parole Board, and that the parole spokesperson "was extremely vindictive in the fact that Plaintiff (Al'Shahid) had threaten[ed] the parole board with litigation if they did not conform to giving Plaintiff (Al'Shahid) another parole hearing." (*Id.*) Plaintiff also contends that the Parole Board used the same incorrect information regarding Plaintiff's criminal history as was used

during the May 1, 2014 Parole Board hearing. (*Id.*) Plaintiff makes allegations about the incorrect information in his Amended Complaint. (Amd. Compl., at p. 2-4.)

**II.**

Federal Rule of Civil Procedure 15(d) governs supplemental pleadings. A person seeking to file a supplemental complaint must do so by filing a motion for leave to file a supplemental complaint. Federal Rule of Civil Procedure 15(d) states that "*[o]n motion and reasonable notice*, the court may permit a party to serve a supplemental pleading[.]" (emphasis added). Here, Plaintiff did not file a motion for leave to file a supplement complaint. Rather, he filed the supplemental complaint itself. Accordingly, Plaintiff's Supplemental Complaint is **ORDERED STRICKEN**. Plaintiff is permitted to seek leave to file a new supplemental complaint pursuant to Federal Rule of Civil Procedure 15(d) by filing a motion for leave to file a supplemental complaint. If Plaintiff wishes to file a supplemental complaint, he must file a motion to do so by **DECEMBER 31, 2018**. For the reasons stated below, his supplemental complaint need not formally request amendment of the Complaint to make changes to the names of the officials he has sued.

**III.**

Regarding the updated names of Defendants in Plaintiff's Supplemental Complaint, however, Federal Rule of Civil Procedure 25(d) provides as follows:

> An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

Fed. R. Civ. P. 25(d). Accordingly, the Clerk is **DIRECTED** to **SUBSTITUTE** Stuart Hudson for Defendant Gary Mohr and to **SUBSTITUTE** Trayce Thalheimer for Defendant Andre Imbrogno.

    **IT IS SO ORDERED.**


Date: December 7, 2018                            /s/ *Elizabeth A. Preston Deavers*
                                                           ELIZABETH A. PRESTON DEAVERS
                                                           UNITED STATES MAGISTRATE JUDGE