# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CURTIS AL'SHAHID,**

    **Plaintiff,**

    v.

                        Civil Action 2:18-cv-00033
                        Judge Michael H. Watson
                        Chief Magistrate Judge Elizabeth P. Deavers

**WARDEN STUART HUDSON,** *et al.*,

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Curtis Al'Shahid, a state inmate proceeding without the assistance of counsel, brings this action pursuant to 42 U.S.C. § 1983, alleging constitutional violations by Defendants Stuart Hudson, the Director of the Ohio Department of Rehabilitation and Corrections ("ODRC"), and Tryce Thalhaimer, the Chairperson of the Ohio Board Authority. This matter is before the Undersigned for consideration of Plaintiff's Motion for Summary Judgment (ECF No. 27), Plaintiff's Motion to Strike Defendants' Response in Opposition (ECF No. 33), and Plaintiff's Motion for Leave to Amend Complaint (ECF No. 43.) For the reasons that follow, the Undersigned **DENIES** Plaintiff's Motion to Strike (ECF No. 33), **DENIES** Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 43), and **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (ECF No. 27) be **DENIED**.

## I.    PROCEDURAL HISTORY

Plaintiff initiated this lawsuit by requesting leave to proceed *in forma pauperis*. (ECF No. 1.) The Court granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* on April 4, 2018. (ECF No. 5.) On the same date, the Undersigned performed an initial screen and

recommended that the Court dismiss Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff filed an Amended Complaint on April 5, 2018 (ECF No. 7) and an Objection to the Report and Recommendation on April 16, 2018 (ECF No. 8). On November 20, 2018, upon review of the Amended Complaint and Plaintiff's Objection, the Undersigned withdrew the Report and Recommendation and permitted Plaintiff to proceed with the claims in his Amended Complaint regarding alleged procedural deficiencies in his parole proceedings. (ECF No. 10.)

Defendants filed a Motion to Dismiss on December 26, 2018. (ECF No. 16.) On June 21, 2019, the Undersigned recommended that Defendants' Motion be granted as to any compensatory claims Plaintiff seeks against Defendants in their official capacities but to otherwise deny the Motion. (ECF No. 24.) The Court adopted the recommendation on August 7, 2019. (ECF No. 31.)

Before a case schedule had been set with discovery and dispositive motion deadlines, Plaintiff filed a Motion for Summary Judgment on July 17, 2019. (ECF No. 27.) Defendants filed a Response in Opposition on August 7, 2019. (ECF No. 32.) On August 20, 2019, Plaintiff filed a Motion to Strike Defendants' Response in Opposition. (ECF No. 33.) On October 8, 2019, the Court issued an Order that set a deadline of April 8, 2020, for discovery and July 8, 2020, for dispositive motions. (ECF No. 41.) On November 18, 2019, Plaintiff filed a Motion for Leave to Amend Complaint, seeking to clarify that the Defendants identified in his Amended Complaint are being used in their personal capacities. (ECF No. 43.) Defendants filed a Response in Opposition to the Motion for Leave on December 9, 2019. (ECF No. 44.) Plaintiff did not file a Reply.

## I. ANALYSIS

**A. Motion to Strike**

As an initial matter, the Undersigned takes up Plaintiff's Motion to Strike Defendants' Response in Opposition to his Motion for Summary Judgment. (ECF No. 33.) Federal Rule of Civil Procedure 12(f) permits a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Notably, "[t]he striking of a portion of a pleading is a drastic remedy which is seldom granted absent a showing of real prejudice to the moving party." *Hughes v. Lavender*, No. 2:10-CV-674, 2011 WL 2945843, at *2 (S.D. Ohio July 20, 2011) (citing *Armstrong v. Snyder*, 103 F.R.D. 96, 100 (E.D. Wis. 1984)).

Plaintiff moves to strike Defendants' Response on the grounds that Defendants "waived their objections to the Magistrate Judge's Report and Recommendation," did not attach an affidavit to the Response, and are "attempting to raise new claims and issues that were never raised in their pleadings, or in any objections to the Magistrate's Report and Recommendation." (ECF No. 33 at 1.) Without citation, Plaintiff asserts that "[i]t is well established that a party may not raise an argument[,] advance a theory[,] or marshal[] evidence before a district judge that was not fairly presented to the Magistrate Judge." (*Id.* at 3.) He argues that because Defendants did not object to the Undersigned's prior Report and Recommendation (ECF No. 24), which was adopted by the Court (ECF No. 31), dismissing Plaintiff's compensatory claims against Defendants in their official capacities, Defendants are prohibited from responding to Plaintiff's Motion for Summary Judgment. (ECF No. 33 at 3–4.)

Plaintiff's arguments are not based in law and do not meet the standard under the Federal Rules for striking a pleading based on "an insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Accordingly, Plaintiff's Motion to Strike (ECF No. 33) is **DENIED**.

### B. Motion for Leave to Amend Complaint

Turning to the Motion for Leave to Amend Complaint, Plaintiff seeks to clarify that the Defendants identified in his Amended Complaint are being sued in their personal capacities. (ECF No. 43.) Generally, leave to amend is "freely given when justice so requires." *Morse v. McWhorter*, 290 F.3d 795, 799-800 (6th Cir. 2002) (internal citation omitted). When determining whether to grant leave to amend, "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001) (internal citations omitted).

Here, amendment of Plaintiff's Complaint would be futile because what Plaintiff seeks to clarify in a second amended complaint is already established. Plaintiff's Amended Complaint provides that "[e]ach defendant is sued individually and in his or her official capacity." (ECF No. 7 at 2.) In addition, the Undersigned's previous Order and Report and Recommendation, recommended dismissal of Plaintiff's claims for compensatory damages against Defendants in their official capacities but provided that "the Eleventh Amendment does not bar a plaintiff's claims against defendants in their official capacity for injunctive relief or in their individual capacities." (ECF No. 24 at 11) (internal citations omitted). It would be pointless to allow Plaintiff to file a second amended complaint because his claims are already proceeding against Defendants in their individual capacities. Accordingly, the Motion for Leave to Amend Complaint (ECF No. 43) is **DENIED**.

C. **Motion for Summary Judgment**

1. Background

Following disposition of Defendants' Motion to Dismiss, Plaintiff was permitted to proceed on his claims against Defendants in their official capacities for injunctive relief and in their individual capacities. (ECF Nos. 24, 31.) Plaintiff claims that Defendants "willfully and knowingly altered the facts, and changed the description of Plaintiff's conviction . . . and fabricated 'facts' or the nature of the crime in order to send a false report to the Ohio General Assembly." (ECF No. 7, at 2–3.)

Specifically, Plaintiff alleges that the Ohio Parole Board Information Sheet, attached as Exhibit A to his Amended Complaint, lists a crime that he was never convicted of committing. (*Id.* at 3.) Plaintiff purports to quote the crime listed in the Ohio Parole Board Information Sheet and describes it as follows:

> "Inmate grabbed the female victim by the throat, knocked the female victim to the floor and demanded money. He took a watch, wallet from the victim's purse, leaving the victim unconscious. He later tried to cash the victim's saving bonds taken from the victim's residence in which he was arrested thereafter."

(ECF No. 7 at 3.) The Ohio Parole Board Information Sheet attached to the Amended Complaint lists five parole violations. (ECF No. 7–1 at 1.) None of the alleged violations match the description in the Amended Complaint exactly, but the violation identified as "B772077" appears to be the closest. It provides as follows:

> On 7-13-77 at 3:00 pm, the inmate appeared at the door steps of female victim offering to sell her an afghan. The victim stated she had one and the inmate asked to see it. The inmate then grabbed the victim by the throat, knocked her to the floor and demanded money. The inmate removed her watch, and a wallet from her purse. The inmate fled the residence leaving the victim unconscious. He later tried to cash savings bonds that were reported stolen from the victim's residence.

(ECF No. 7–1 at 1.)

Plaintiff attaches as Exhibit B to the Amended Complaint what he identifies as his indictment, which he says "demonstrate[s] that he was found 'Not Guilty' of Count One and Count Three of the indictment and "Guilty" of an entirely different crime as was described in the Ohio Parole Board Information records or files." (*Id.* at 3.) As Defendants point out, it is not entirely clear whether Exhibit B is a copy of one document or two different documents copied together. (ECF No. 7–1 at 2.) On the left side is an indictment that identifies case number B772077. (*Id.*) On the right side is text from an arraignment dated August 19, 1977 and then a "Plea of not Guilty Entered" dated April 13, 1978. (*Id.*) The text reads:

> trial concluded 4th day, Verdict finding deft. Not Guilty of the of the 1st count, Not guilty of the 3rd. count and Guilty of Agg. Robbery 2911.01 R.C. 2nd. Count and Guilty of Agg. Burg. 2911.11 R.C. 4th count sentence Ohio Penitentiary 7 to 25 yrs. On count 2 and 7 to 25 years on count 4, costs, sentences to run consecutively, and consecutively to any other sentence imposed.

(*Id.*)

Plaintiff also attaches as Exhibit C a document from the Court of Common Pleas of Hamilton County that he says shows he was found guilty by a jury for the robbery of Robert Turner in case number B772077. (*Id.* at 3–4.) Exhibit C does not contain a case number, but it identifies seven counts against Plaintiff (who at the time was known as Curtis Robinson, Jr.). (*Id.*)

Plaintiff asserts that Defendants "knowingly alter[ed], changed and intentionally submit[ted] a false description of [this] conviction, in order to present false information to the State Legislators (General Assembly), and at the full parole board on/or about December 13, 2017, based on his conviction under Case No. B772077." (ECF No. 7 at 4.) Specifically, Plaintiff asserts that Defendants "switched the 'Not Guilty' verdict to the Guilty verdict of aggravated burglary and robbery which Plaintiff Al'Shahid was convicted." (*Id.*) He further

6

alleges that the Parole Board was made aware of the errors at Plaintiff's second parole board hearing on March 17, 2017, and in a letter. (ECF No. 7 at 3.)

Plaintiff moves for summary judgment on his § 1983 claim, based on, *inter alia*, the following assertion:

> There is no genuine issue or dispute that the Parole Board Chairperson Defendant Thalheimer, willfully and knowingly altered the facts, and changed the description of Plaintiff's conviction . . . and fabricated facts or the nature of the crime in order to send a false report to [] the parole board, Department of Rehabilitation and corrections who in turn sen[t] a false report to the Ohio General Assembly as was required pursuant to § 10 of House Bill 86, which [went] into effect September 30, 2011.

(ECF No. 27 at 4.) Plaintiff also asserts that Defendants failed to investigate the inaccuracies or correct them. (*Id.*) He concludes that there is no genuine issue of material fact "that the Defendants depriv[ed] Plaintiff of his due process right under the 14th Amendment of the [U]nited States Constitution," while personally acting under the color of state law. (*Id.*)

Attached to Plaintiff's Motion for Summary Judgment are two letters. (ECF No. 27–1.) The first, dated February 20, 2018, is from Plaintiff to Andre Imbrogno, Chairperson of the Ohio Adult Parole Authority. (*Id.* at 1–2.) In the letter, Plaintiff complains that he was denied parole due to "information that I had threatened staff while on parole to the 'Avis House' over not being able to get bus passes," which he asserts is "untrue in it[]s entirety." (*Id.* at 1 (emphasis omitted).) Later in the same letter, Plaintiff admits to making a threatening comment but says it was a "stupid remark" and that he meant nothing by it. (*Id.*) The second letter attached to Plaintiff's Motion is dated April 4, 2018, and is from Jamie O'Toole-Billingsley, the Executive Assistant to the Ohio Parole Board, to Plaintiff. (*Id.* at 3–4.) The letter describes the parole board's investigation into Plaintiff's claims of falsification and concludes that "the documentation available to the Board for review and consideration at both your May 2014 and

7

December 2017 hearings was not falsified nor incorrect and does not warrant a correction to the existing files." (*Id*.)

### 2. Standard of Review

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

"Once the moving party meets its initial burden, the nonmovant must 'designate specific facts showing that there is a genuine issue for trial.'" *Kimble v. Wasylyshyn*, 439 Fed. Appx. 492, 495–96 (6th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 Fed. Appx. 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

3. Discussion

Plaintiff contends that Defendants violated his Fourteenth Amendment rights by falsifying information in his parole file and knowingly submitting that information to the state legislators. (ECF No. 7 at 4.) "[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Because Plaintiff seeks to establish a due process violation relating to Defendants' consideration of his parole eligibility, he "must first show that he . . . has a protected property or liberty interest in parole." *Settle v. Tenn. Dep't of Corrs.*, 487 F. App'x 290, 290–91 (6th Cir. 2012) (citations omitted). "A liberty interest in parole eligibility derives only from state law." *Id.* at 291 (citations omitted); *see also Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005) ("[T]here is no fundamental right to parole under the federal constitution."). "Ohio law does not create a protected liberty interest in release from parole." *Jergens v. State of Ohio Dep't of Rehab. & Corrs. Adult Parole Auth.*, 492 F. App'x 567, 570 (6th Cir. 2012).

While an Ohio inmate has no liberty interest in parole, "the Ohio Supreme Court has held that inmates do have a right to accurate parole records, requiring that parole decisions not be made in reliance on information that the Parole Board knows to be inaccurate or has reason to know is inaccurate." *Kinney v. Mohr*, No. 2:13-cv-1229, 2015 WL 1197812, at *4 (S.D. Ohio Mar. 16, 2015) (citing *State ex rel. Keith v. Ohio Adult Parole Auth.*, 141 Ohio St.3d 375, 380 (2014)). Accordingly, "knowing reliance on false information in a parolee's file, which the Parole Authority has no discretion to do under state law, can constitute a due process violation." *Id.*; *see also Jergens*, 492 F. App'x at 571 n.5 ("Neither this decision nor any binding circuit precedent, however, forecloses the possibility that, in an appropriate case, a parole board's

reliance on unconstitutional factors—or even on false information in the parole file—could constitute a due-process violation.").

To state a valid due process claim, a potential parolee's complaint must assert "verifiable errors" in the parole file that the parole board knowingly relied on to make its determination. *Kinney*, 2015 WL 1197812, at *4; *see also State ex rel. Keith*, 2014-Ohio-4270, at ¶ 30 (recognizing a procedural due process claim when the plaintiff pointed to "substantive errors in the record that" the parole authority was aware of but failed to correct and which "may have influence[d] the [parole authority's] consideration of his parole"). The Ohio Supreme Court subsequently defined "substantive error" in this context to mean "substantial error," or "an error that affects a party's substantive rights or the outcome of the case and, as a consequence, may require reversal on appeal." *State ex rel. Cobb v. Adult Parole Auth.*, 2018-Ohio-4745, 155 Ohio St. 3d 527, 529 (internal citation omitted).

Here, Plaintiff has not established that he is entitled to judgment as a matter of law on his procedural due process claim and, therefore, his Motion for Summary Judgment fails. Plaintiff alleges in his Amended Complaint that Defendants falsified information regarding his convictions in case number B772077. (ECF No. 7.) Defendants oppose the Motion and attach as exhibits to their Response in Opposition several documents rebutting Plaintiff's contentions. (ECF No. 32.) Included in these exhibits are letters dated December 26, 2017, and March 22, 2018, from Plaintiff to the parole board, informing the board of the alleged error in his parole file. (ECF Nos. 32–1, 32–2.) Another letter, dated June 13, 2018, is a response from the parole board to Plaintiff, informing him that the board would grant him a new parole hearing in light of his complaint. (ECF Nos. 32–3, 32–4.) Defendants contend that the board held a new parole

hearing on September 26, 2018, but denied Plaintiff parole at that time, concluding that his "release would create an undue risk to public safety." (ECF No. 32–7 at 1.)

The Undersigned finds that Defendants' Response in Opposition and the exhibits attached thereto establish that a genuine issue of material fact remains as to whether, once Plaintiff alleged a substantive error in his parole file, the parole board investigated and provided him with a new parole hearing in satisfaction of his procedural-due process rights. Here, Defendants have adduced evidence that creates a genuine dispute regarding whether it corrected any substantive errors in Plaintiff's parole proceedings. *See State ex rel. Keith*, 141 Ohio St. 3d 375 at ¶ 30 (holding due process requires that once a plaintiff "has made a showing that there may be substantive errors in his record that may influence . . . consideration of his parole[,]" the parole board "must . . . conduct an investigation into [the plaintiff's] allegations and correct any substantive errors discovered in the record is uses to consider him for parole."); *see also State ex rel. Brust v. Chambers-Smith*, 2019-Ohio-857, 156 Ohio St. 3d 331, 334 (finding that the parole board's correction of an alleged error moots plaintiff's procedural due process argument). A reasonable jury could return a verdict in favor of Defendants on this issue. Plaintiff, therefore, has not established he is entitled to judgment as a matter of law on his procedural due process claim. *See Lee*, 432 F. App'x at 441 (finding that "there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute").

As set forth above, in his Motion for Summary Judgment, Plaintiff describes a separate allegation of falsification that he did not allege in his Amended Complaint. However, "a party may not assert new legal theories for the first time in a summary judgment motion." *Asher v.*

*Battelle Mem'l Inst.*, No. 2:15-CV-1097, 2016 WL 5661695, at *7 (S.D. Ohio Sept. 30, 2016) (internal citation omitted). Accordingly, this separate allegation is not properly before the Court.

Even if Plaintiff's second allegation was properly before the Court, his Motion for Summary Judgment still fails. Just as with his first allegation of falsification by the parole board, Defendants have adduced sufficient evidence to preclude summary judgment as to Plaintiff's second allegation. Attached to Plaintiff's own Motion is a letter describing the parole board's investigation and resolution of this complaint. (ECF No. 27–1 at 3–4.) The exhibits to Plaintiff's Motion for Summary Judgment call into question and create a genuine issue of fact regarding whether the parole board properly investigated the purported errors and therefore afforded the requisite procedural due process to Plaintiff. (ECF No. 32 at 10–11.) Here, a genuine issue of material fact remains as to this second allegation. *See State ex rel. Keith*, 141 Ohio St. 3d 375 at ¶ 30 (holding due process requires that once a plaintiff "has made a showing that there may be substantive errors in his record that may influence . . . consideration of his parole[,]" the parole board "must . . . conduct an investigation into [the plaintiff's] allegations and correct any substantive errors discovered in the record is uses to consider him for parole."). Accordingly, Plaintiff has not established that he is entitled to summary judgment, even if this second allegation were properly before the Court.[1]

The Undersigned notes that Plaintiff may adduce additional evidence during the discovery period that could support his claims. Plaintiff is free to file another Motion for Summary Judgment after the close of discovery by the dispostive motion deadline of July 8,

---

[1] To be clear, Plaintiff has not alleged a violation of his procedural due process rights regarding this purported second incident in his Amended Complaint. The Court notes that deadline to amend the pleadings passed on January 8, 2020. Under the limited circumstances presented in this case and out of an abundance of caution in respect to Plaintiff's *pro se* status, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), if Plaintiff intend to file a Motion for Leave to File a Second Amended Complaint, he must do so no later than **FEBRUARY 14, 2020**.

2020. (*See* ECF No. 41, establishing, *inter alia*, deadlines for the completion of discovery and filing dispositve motions.)

## II. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike (ECF No. 33) and Motion for Leave to File Amended Complaint (ECF No. 43) are both **DENIED**. Further, it is **RECOMMENDED** that Plaintiff's Motion for Summary Judgment (ECF No. 27) be **DENIED**.

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

Date: January 29, 2020           /s/ *Elizabeth A. Preston Deavers*
                                 ELIZABETH A. PRESTON DEAVERS
                                 CHIEF UNITED STATES MAGISTRATE JUDGE