# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

Curtis Al' Shahid,

     Plaintiff,

     v.

Gary C. Mohr, *et al.*,

     Defendants.

Case No. 2:18-cv-33

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Curtis Al' Shahid ("Plaintiff"), a prisoner proceeding *pro se*, originally sued
Andre Imbrogno ("Imbrogno"), former Chairperson of the Ohio Parole Board
Authority ("OPBA"), and Gary Mohr ("Mohr"), former Director of the Ohio
Department of Rehabilitation and Corrections ("ODRC"), under 42 U.S.C. § 1983.
Am. Compl., ECF No. 7. Plaintiff alleged they falsified information about his
criminal conviction in a Parole Board Information Sheet ("report") submitted to the
OPBA and Ohio legislature to sabotage his parole hearing, in violation of his due
process rights. *Id.* ¶¶ 7–8. The magistrate judge determined on an initial screen
that Plaintiff could proceed with that claim. Order, ECF No. 10.

The Court thereafter substituted Stuart Hudson ("Hudson"), who was
named interim Director of ODRC,[1] for Mohr and Trayce Thalheimer

---

[1] Annette Chambers-Smith, the current Director, is automatically substituted under the
same rule. It appears Mohr and Imbrogno were improperly terminated as defendants
upon the substitution. They should have remained as defendants on the personal-

("Thalheimer") (together, "Defendants"), who replaced Imbrogno as Chairperson of the OPBA upon Imbrogno's passing, as defendants on the official-capacity claims pursuant to Federal Rule of Civil Procedure 25(d). Order, ECF No. 13.

Defendants later moved to dismiss Plaintiff's Complaint, Mot. Dismiss, ECF No. 16, and the magistrate judge issued a Report and Recommendation ("R&R") recommending the Court grant in part and deny in part that motion. R&R, ECF No. 24. Plaintiff failed to timely object to that R&R, the Court adopted it without further review, and dismissed the claims against Defendants in their official capacities for damages. Order, ECF No. 31.

Defendants moved for summary judgment on the remainder of the claims, Mot. Summ. J., ECF No. 77, and the magistrate judge issued an R&R recommending the Court grant that motion. R&R, ECF No. 85. The R&R recommended dismissing Plaintiff's official-capacity claims for injunctive relief as moot in part after concluding that the undisputed evidence showed that Plaintiff's prior parole hearing result was rescinded, a corrected report was provided to OPBA, and Plaintiff was granted a new parole hearing based on the corrected report. *Id.* at 12–15. The R&R further concluded that, although the request for an injunction ordering Defendants to send a corrected report to the Ohio

---

capacity claims. As for the personal-capacity claim against Imbrogno, who passed away on June 27, 2018, there was no suggestion of death filed on the record or motion to substitute. Even assuming Plaintiff's claim against Imbrogno in his personal capacity was not extinguished and that a proper party was substituted, it fails on the merits for the reasons addressed below.

legislature was not moot, Plaintiff was not entitled to such relief because his case did not qualify for review by the legislature due to his age. *Id.* at 15–16.

In sum, the R&R recommended that the Court dismiss all of Plaintiff's official-capacity claims against Hudson and Thalheimer insofar as they sought injunctive relief. Plaintiff did not timely object to that portion of the R&R, and the Court therefore **ADOPTS** it without further review.

Regarding Plaintiff's individual-capacity claims against Mohr and Imbrogno for damages, the R&R recommended dismissal due to Plaintiff's inability to raise a genuine dispute of material fact regarding their personal involvement in any unconstitutional conduct. *Id.* at 17–19 (noting Plaintiff testified at deposition that Imbrogno and Mohr did not personally submit false information but were aware that a person not named in the lawsuit submitted the false information).

In his objections, Plaintiff does not dispute the R&R's conclusion that Plaintiff's claim against Mohr fails because there is no *respondeat superior* liability under § 1983. Obj. 3, ECF No. 88. The Court **ADOPTS** this conclusion as well without further review.

Plaintiff has, however, timely objected to the portion of the R&R that recommends granting summary judgment to Imbrogno based on lack of personal involvement. Obj. 1, 3, ECF No. 88. He argues that the magistrate judge committed an abuse of discretion by weighing the evidence and making credibility determinations at the summary judgment stage; failing to view the evidence in the light most favorable to Plaintiff; and concluding the record was

void of evidence that Imbrogno authorized the placement of false information in Plaintiff's file. *Id.* at 3.

As a preliminary matter, the Court does not apply an abuse of discretion standard of review. The R&R was issued pursuant to Federal Rule of Civil Procedure 72(b), and the Court reviews the properly objected-to portion of the R&R *de novo.*

Plaintiff argues that a genuine dispute of material fact exists in this case as to Imbrogno's personal involvement in the inclusion of false information in the report. *See* Obj. 4, ECF No. 88. Plaintiff supports this assertion first with a citation to his own deposition testimony wherein he testified that, as Chairperson, Imbrogno was "responsible for reviewing any information that may be erroneous or false." Al' Shahid Dep. 106:8–12, ECF No. 76-1. But Plaintiff's opinion that Imbrogno was responsible for reviewing any information that may be false is not relevant, not based on personal knowledge, and inadmissible. Further, in the very same answer at deposition, Plaintiff continued by stating,

> [t]he person who I haven't named in my lawsuit, . . . the facilitator, is the one . . . like Brenda Parker, that's the facilitator who obviously changed this or corrected this. That person knew. I mean it's obvious [sic] knew that the information that they was putting in my parole file information records knew that the information was incorrect.

*Id.* at 106:12–19. He further clarified that his theory was that Imbrogno "ignored . . . [his] responsibility in correcting the information. . . . They knew that the information was incorrect, and they refused to change it." *Id.* at 107:24–108:3.

But Plaintiff cites to nothing to support his assertion that Imbrogno knowingly permitted false information in the report to be submitted to OPBA. In short, Plaintiff's own deposition testimony is not evidence from which a jury could find Imbrogno was personally involved in the submission of false evidence. *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) ("At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." (citation omitted)).

Second, Plaintiff argues that Thalheimer's responses to Plaintiff's first set of interrogatories is evidence of Imbrogno's personal involvement, but he does not cite to any specific response. The Court has reviewed the responses and finds they do not support Plaintiff's allegation that Imbrogno personally included or approved the inclusion of false information contained in the report.[2] *See* Thalheimer Resp. Interr. # 3, ECF No. 68-1 at PAGEID # 522 (which does not state that the chairperson has a duty to review information for accuracy); *id.* at # 18, PAGE ID # 527 ("Response: Brenda Bonn was the Parole Board Parole Officer who prepared the information for the parole hearing.").

Accordingly, Plaintiff failed to raise a genuine dispute of material fact regarding Imbrogno's personal involvement in the inclusion of false information before the OPBA.

---

[2] Nor would a grant of Plaintiff's pending motion to compel possibly result in such evidence, which makes Plaintiff's motion to compel moot.

Plaintiff also appears to argue on objection that he raised a genuine dispute of material fact regarding whether Imbrogno retaliated against him. Obj. 5, ECF No. 88.

But as the R&R found, Plaintiff did not include a retaliation claim in his Complaint and cannot expand his causes of action in his response to a summary judgment motion. R&R 19–20, ECF No. 85. Plaintiff does not object to that legal proposition, asserting only that he raised a genuine dispute of material fact regarding the merits of a retaliation claim. Obj. 5, ECF No. 88. Because Plaintiff cannot expand his causes of action through responding to a summary judgment motion, his objection regarding the merits of such a claim are irrelevant.[3]

IT IS SO ORDERED.

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT

---

[3] The argument is also incorrect. Plaintiff argues that his deposition testimony raises a genuine dispute of material fact regarding whether Imbrogno retaliated against Plaintiff by convening a new parole hearing with the corrected information. At deposition, Plaintiff was asked what proof he had that Imbrogno retaliated against him, and Plaintiff responded, "the proof that I have is that, you know, the witnesses that I'm going to call[,]" namely Shirley Smith and Karen Kasler. Al' Shahid Dep. 109:2–18, ECF No. 76-1. This testimony that Plaintiff will be able to prove his allegation at trial is insufficient to raise a genuine dispute of material fact.